IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　)　　Case No. CR-99-75-D
　　　　　　　　　　　　　　　　　　)　　　(No. CIV-16-758-D)
MARCUS WAYNE ELLIOTT,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

**O R D E R**

The matter before the Court is Defendant Marcus Wayne Elliott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 89], which is supported by a memorandum of law [Doc. No. 90]. Upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds from the Motion and the record of prior proceedings that it plainly appears Defendant is not entitled to relief, and thus the Motion should be dismissed.

On August 4, 1999, Defendant pleaded guilty to the offense of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), as charged in Count 6 of the Indictment filed May 5, 1999. On April 4, 2000, the Court imposed a prison sentence of 360 months, which was the low end of the guideline range of imprisonment under the applicable provision of the United States Sentence Guidelines, § 2D1.1. Defendant was not sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), or the career offender provision of the Sentencing Guidelines, § 4B1.1.

Defendant seeks relief from his sentence based on a claim that it is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265-66 (2016). From the record, it appears that Defendant has not previously sought relief under § 2255. Further, the Motion appears to be timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year from the date on which the Supreme Court issued the *Johnson* decision.[1] However, Defendant's sole claim for relief lacks merit because *Johnson* did not affect his sentence.

In *Johnson*, the Supreme Court found to be unconstitutionally vague the ACCA's definition of "violent felony" under the provision of § 924(e)(2)(B)(ii) commonly referred to as the "residual clause" – which expanded a list of enumerated offenses to include a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See Johnson*, 135 S. Ct. at 2555-56, 2557. The Tenth Circuit has extended the holding of *Johnson* to declare unconstitutional an identical provision used to define a "crime of violence" for the career offender provision of the Sentencing Guidelines, § 4B1.2(a)(2). *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).

Defendant's sentence was not imposed pursuant to the ACCA, nor was his guideline range calculated using the career offender guideline. Instead, Defendant complains of a two-level guideline enhancement applied under § 2D1.1(b)(1) because he possessed a firearm in connection with his drug trafficking offense. He argues, in pertinent part, that "[a]fter

---

[1] Although the Motion was filed of record on June 30, 2016, Defendant claims the benefit of the prison mailbox rule by including a declaration under penalty of perjury that the Motion was placed in the prison mailing system on June 24, 2016. *See* Motion [Doc. No. 89], p.14.

*Johnson*, a 'crime of violence' sentencing enhancement under 2D1.1(b)(1) does not apply because possession of a firearm during drug offense is no longer a crime of violence under the residual clause of 4B1.2(a)(2)." *See* Memorandum [Doc. No. 90], p.5. Even liberally construing this argument in light of Defendant's *pro se* status, the Court can discern no basis for relief under *Johnson* or *Madrid*. The sentencing enhancement of § 2D1.1(b)(1) was applied in determining Defendant's guideline range because he possessed a firearm during the offense of conviction; no finding of a "violent felony" or a "crime of violence" was required to be made.

Because Defendant's sentence was not affected by the Supreme Court's invalidation of the ACCA's "residual clause" in *Johnson*, Defendant is not entitled to relief based on that decision.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 89] is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds that this standard is not met here. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

IT IS SO ORDERED this 13th day of July, 2016.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE