IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-99-75-D |
| | ) | |
| MARCUS WAYNE ELLIOTT, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Pending before the Court are two *pro se* filings by Defendant Marcus Wayne Elliott: Motion for Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2), and §1B1.10(a)(1) of the United States Sentencing Guidelines, Based on a Guideline Amendment Effective November 1, 2007, or, in the Alternative, Motion to Vacate Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 [Doc. No. 83]; and Motion to Review a Sentence Pursuant to 18 U.S.C. §3742(a) or, in the Alternative, Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. §3582(b), and U.S.S.G. §1B1.10 [Doc. No. 86].

Prior to these filings, a federal public defender entered an appearance to assist Defendant with a possible sentence reduction under Amendment 782 of the Sentencing Guidelines, pursuant to the Court's General Order 14-8. In keeping with procedures adopted for consideration of possible sentence reductions under Amendment 782, the Probation Office filed a preliminary report [Doc. No. 88], which concludes that Defendant is not eligible for sentencing relief because the amendment does not have the effect of lowering the applicable guideline range. Defense counsel recently filed an Advisement

to the Court [Doc. No. 98], agreeing that Defendant's advisory guideline range remains the same after the application of Amendment 782 and stating that she does not intend to file a motion on his behalf.

By his Motions, Defendant seeks the reduction of a 360-month prison sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), invoking 18 U.S.C. § 3582(c)(2) and other statutes. Defendant relies for relief on the circumstances under which § 3582(c)(2) may apply, that is, the enactment of retroactive amendments to the Sentencing Guidelines. None of the other statutes cited by Defendant would authorize the post-conviction relief sought by the Motions.[1] Therefore, despite a liberal construction of Defendant's papers, the Court considers one substantial issue: whether to order a modification of Defendant's sentence pursuant to § 3582(c)(2).

Upon consideration, the Court finds that Defendant is ineligible for sentencing relief under § 3582(c)(2). Although Amendment 782 lowers the base offense level applicable to Defendant's drug offense, the enhancements applied at sentencing result in a total offense level of 40 and the same advisory guideline range of 360 months to life imprisonment. The court of appeals has determined that where, as here, an amendment to the Sentencing Guidelines does not have the effect of lowering a defendant's applicable

---

[1] Defendant has already sought relief under 28 U.S.C. § 2255. *See* 7/13/16 Order [Doc. No. 92] and 6/26/17 Order [Doc. No. 96]. The court of appeals has not authorized a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244, 2255(h)(3). A direct appeal pursuant to 18 U.S.C. § 3742(a) is no longer available. The title of the second Motion contains a citation to 18 U.S.C. § 3582(b), which authorizes a sentence modification pursuant to § 3582(c). Defendant relies in the body of the Motion and in his supporting arguments on 18 U.S.C. § 3582(c)(1), but this provision requires a motion by the Director of the Bureaus of Prisons.

guideline range and the defendant is ineligible for relief, the district court lacks the authority to modify his sentence and should dismiss a § 3582(c)(2) motion for lack of jurisdiction. *See*, *e.g.*, *United States v. Womack*, 833 F.3d 1237, 1242 (10th Cir. 2016); *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). Accordingly, the Court finds that the instant Motions should be dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motions [Doc. Nos. 83 and 86] are DISMISSED.

IT IS SO ORDERED this 23rd day of February, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE